UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SERGIO AYERS,

     Plaintiff,

v.

WAL-MART STORES, INC.,

     Defendant.

_____/

## WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES, INC. ("Wal-Mart"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2015-024423-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I. BACKGROUND

1. On or about October 21, 2015, Plaintiff, Sergio Ayers ("Plaintiff"), commenced this action by filing a Complaint in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. The Complaint was served on December 4, 2015. (*See* Complaint attached as Ex. "A").

2. The Complaint alleges a claim for negligence against Wal-Mart. Specifically, Plaintiff alleges that Wal-Mart was negligent because it breached its

duty of reasonable care by failing to "properly maintain and examine the floors to make sure they were safe and free from liquid," by failing to "utilize reasonable care in the design, planning, inspection and maintenance of said premises," and by failing to warn Plaintiff of "the dangerous condition." (Ex. "A," at ¶¶ 6-9).

3.   Plaintiff's Complaint is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4.   Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit of the State of Florida in and for Miami-Dade County together with a docket sheet from the Clerk of the Court.  (*See* attached as Composite Ex. "B").

5.   Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

6.   In accordance with 28 USC § 1446(b), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on December 4, 2015, when Plaintiff served Wal-Mart with the Complaint. (*See* service of process dated December 4, 2015, attached as Ex. "C").   Prior to the service of the Complaint, Plaintiff sent Wal-Mart a written demand outlining the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff's damages inclusive of actual medical expenses, as well as future medical expenses and economic damages.

7.     Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, where Plaintiff filed his state court Complaint against Wal-Mart, is located in the city of Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

8.     Under 28 USC § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A. Citizenship of WAL-MART STORES, INC.

9.     WAL-MART STORES, INC. was at the time of the alleged incident, and is currently, a Delaware corporation and maintains its principal place of business in Arkansas. At no time material has Wal-Mart been a citizen of Florida. (*See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "D").

#### B. Citizenship of SERGIO AYERS

10.    Plaintiff is a citizen of the State of Florida who resides in Miami-Dade County. (Ex. "A," at ¶ 2). Although Plaintiff's Complaint does not specifically state

Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

## IV. AMOUNT IN CONTROVERSY

11. The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (Pre-suit demand letters are competent evidence of the amount in controversy.).

12. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

13. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D.Fla. June 1, 2009) (citing *Lowery v.*

*Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

14.   In the present case, the relevant portions of Plaintiff's pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. (*See* redacted copy of Plaintiff's pre-suit demand letter attached as Ex. "E"). Notably, in his demand, Plaintiff alleges he has sustained "what can only be described as CATASTROPHIC INJURIES. I am not embellishing." *Id.* Plaintiff further states that his medical bills to date are $142,905.00, which he notes are not inclusive of future medical care, lost wages, and pain and suffering. *Id.* Finally, Plaintiff demands $490,000.00 to settle his claims. *Id.*

15.   These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions from the Southern District of Florida and the 11th Circuit support this conclusion.

16.   For example, in *Katz v. J.C. Penney Corp., supra,* this Court concluded that the removing defendant properly established the amount in

controversy by addressing through affidavit information received from plaintiff's pre-suit demand package. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Mr. Ayer's pre-suit demand letter, it was based on medical records provided by the plaintiff. Even though the actual damages asserted in *Katz* were slightly below the jurisdictional amount – unlike the alleged damages in the present case that well exceed it – the *Katz* court nevertheless reasoned that future damages would likely make up the difference. Such assumptions need not be made in the present case as Plaintiff alleges actual damages well in excess of the $75,000.00 jurisdictional limit.

17.     In *Lazo v. US Airways, Inc.*, 2008 WL 3926430 (S.D.Fla. Aug. 26, 2008), this Court denied the plaintiff's motion to remand citing to an affidavit filed by defense counsel where he recounted a conversation in which Plaintiff's counsel stated his client was seeking to recover "at least $1,000,000." The Court found this representation "constitute[d] legally certain evidence that plaintiff seeks damages in excess of $75,000.00."

18.     Similarly, in *AAA Abachman Enterprises, Inc. v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), the court relied on plaintiff's demand letter seeking more than $75,000 in damages to establish federal jurisdiction. *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012) (this Court denied defendant's motion for remand citing plaintiff's actual damages of approximately $39,000 and concluding that future treatment would likely exceed

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the amount needed to reached the jurisdictional minimum.); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (this Court denied plaintiff's motion to remand citing plaintiff's demand letter claiming $22,563.00 in medical bills and the Court's projections on likely future damages where a doctor estimated that plaintiff "'could' incur costs of $2,500 to $5,000 per year" for future care).

## V. <u>CONCLUSION</u>

Because the parties are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES, INC. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number 2015-024423-CA-01 on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully submitted,

/s/ Jerry D. Hamilton

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Schuyler A. Smith
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores, Inc.*
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on December 18, 2015, I electronically filed the foregoing document with the Clerk of the court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ Jerry D. Hamilton

Jerry D. Hamilton

## SERVICE LIST

Thomas A. Pearl, P.A.
*Attorneys for Plaintiff*
2404 Northeast 9th Street
Fort Lauderdale, Florida 33304
litdept@thomaspearl.com

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2015-024423-CA-01

SERGIO AYERS,

      Plaintiff,

v.

WAL-MART STORES, INC.,
a foreign profit corporation,

      Defendant.

_____/

## COMPLAINT

    The Plaintiff, SERGIO AYERS, by and through his undersigned counsel sues the

Defendant, WAL-MART STORES, INC., a foreign profit corporation, (hereinafter referred to as

"Wal-Mart") and alleges as follows:

    1.    This is an action for damages in excess of fifteen thousand ($15,000.00) dollars.

    2.    At all times material hereto, the Plaintiff, SERGIO AYERS, was an individual

residing in Miami-Dade County, Florida.

    3.    At all times material hereto, the Defendant, WAL-MART STORES, INC., was a

foreign profit corporation doing business in Miami-Dade County, Florida.

    4.    On or about July 17, 2014, Defendant WAL-MART STORES, INC., owned

maintained and/or controlled property located at or near 1425 NE 163rd Street, North Miami Beach,

Miami Dade County, Florida.

    5.    At all times material hereto, Defendant WAL-MART STORES, INC., managed the

property located at or near 1425 NE 163rd Street, North Miami Beach, Miami Dade County,

Florida.

1

EXHIBIT

A

tabbies

6.     On the above date the Plaintiff, SERGIO AYERS, while exercising due care and caution for his own safety, was shopping at said WAL-MART STORES, INC., and was caused to fall to the floor due to the careless and negligent manner in which the floors were maintained in the area at or near the water aisle. More specifically, the Plaintiff slipped on liquid on the floor.

7.     The Defendant and its employees owed to the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free form all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to him, in his lawful use of the same.

8.     That it was the duty of the Defendant to warn Plaintiff of aforesaid dangerous and unsafe condition.

9.     The Defendant, by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

    a.    The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid;

    b.    The Defendant should have exercised reasonable care in the care of its floors;

    c.    The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors;

    d.    The Defendant failed to warn the Plaintiff of the dangerous condition;

    e.    the afore-described dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the afore-described dangerous and hazardous condition.

2

10.     That the aforesaid acts of negligence on the parts of the Defendant were the proximate cause of the injuries sustained by the Plaintiff.

11.     As a direct result, the Plaintiff has incurred medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, lost wages and loss of the ability to earn wages. His losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, SERGIO AYERS, demands judgment against the Defendant, WAL-MART STORES, INC., for damages, costs, and any other relief this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

DATED this 2⅃ day of October, 2015.

THOMAS & PEARL, P.A.
Attorneys for Plaintiff
2404 Northeast 9th Street
Fort Lauderdale, Florida 33304
Telephone: (954) 563-9225
Facsimile: (954) 563-9497
litdept@thomaspearl.com

By: _____
        GARY B. ENGLANDER, ESQ.
        Florida Bar No.: 88616

3

ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (http://www2.miami-dadeclerk.com/PremierServices/login.aspx)




# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

## SERGIO AYERS VS WAL-MART STORES INC

**Local Case Number:** 2015-024423-CA-01

**Filing Date:** 10/21/2015

**State Case Number:** 132015CA024423000001

**Case Type:** Comm Premises Liability

**Consolidated Case No.:** N/A

**Judicial Section:** CA24

**Case Status:** OPEN

👥 **Parties**                                    Number of Parties: 2 ➕

🔧 **Hearing Details**                          Number of Hearing: 0 ➕

📶 **Dockets**                                    Dockets Retrieved: 11 ➖

| Date | Book/Page | Docket Entry | Event Type | Comments |
|------|-----------|--------------|------------|----------|



| 12/10/2015 | Email Notice: | Event | JHAMILTON@HAMILTONMILLERLAW.COM |
|---|---|---|---|
| 12/10/2015 | Notice of Appearance | Event | |
| 10/28/2015 | Receipt: | Event | RECEIPT#:2180015 AMT PAID:$10.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:10/28/2015 REGISTER#:218 CASHIER:ESAY |
| 10/27/2015 | 20 Day Summons Issued | Service | |
| 10/27/2015 | 20 Day Summons Issued | Event | *Parties: Ayers Sergio; Wal-Mart Stores Inc* |
| 10/23/2015 | Receipt: | Event | RECEIPT#:3740120 AMT PAID:$401.00 NAME:ENGLANDER, GARY B 12 SE 7TH ST STE 604 FT. LAUDERDALE FL 33301 ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT |
| 10/21/2015 | Notice of Interrogatory | Event | |
| 10/21/2015 | Request for Production | Event | |
| 10/21/2015 | Request for Admissions | Event | |
| 10/21/2015 | Complaint | Event | |
| 10/21/2015 | Civil Cover | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Online Case Home (default.aspx)  |
Family Court Information (http://www.miami-dadeclerk.com/families_court.asp)  |
Probate Court Information (http://www.miami-dadeclerk.com/families_probate.asp)  |
Email (http://feedback.miamidade.gov/Community/se.ashx?s=57F314587A23E37E)  |
Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)  |
Home (http://www.miami-dadeclerk.com/home.asp)  |
Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)  |   MIAMI-DADE COUNTY (http://www.miamidade.gov)
Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)  |
Contact Us (http://www.miami-dadeclerk.com/contact.asp)  |
About Us (http://www.miami-dadeclerk.com/about.asp)
2015 Clerk of the Courts. All Rights reserved.

S0142977

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

## I.   CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Sergio Ayers
Plaintiff
            vs.
WAL-MART STORES, INC.
Defendant

## II.   TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☒ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999
   ☐ Non-homestead residential foreclosure $250,00 or more
   ☐ Other real property actions $0 - $50,000

☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):   ·
- ☒  Monetary;
- ☐  Non-monetary
- ☐  Non-monetary declaratory or injunctive relief;
- ☐  Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (    )
(Specify)

<u>0</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐  Yes
- ☒  No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒  No
- ☐  Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒  Yes
- ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Gary B. Englander</u>     FL Bar No.: <u>88616</u>
       Attorney or party                                           (Bar number, if attorney)

<u>Gary B. Englander</u>     <u>10/21/2015</u>
     (Type or print name)                              Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SERGIO AYERS,

        Plaintiff,

v.

WAL-MART STORES, INC.,
a foreign profit corporation,

        Defendant.

_____/

## COMPLAINT

The Plaintiff, SERGIO AYERS, by and through his undersigned counsel sues the Defendant, WAL-MART STORES, INC., a foreign profit corporation, (hereinafter referred to as "Wal-Mart") and alleges as follows:

1.    This is an action for damages in excess of fifteen thousand ($15,000.00) dollars.

2.    At all times material hereto, the Plaintiff, SERGIO AYERS, was an individual residing in Miami-Dade County, Florida.

3.    At all times material hereto, the Defendant, WAL-MART STORES, INC., was a foreign profit corporation doing business in Miami-Dade County, Florida.

4.    On or about July 17, 2014, Defendant WAL-MART STORES, INC., owned maintained and/or controlled property located at or near 1425 NE 163rd Street, North Miami Beach, Miami Dade County, Florida.

5.    At all times material hereto, Defendant WAL-MART STORES, INC., managed the property located at or near 1425 NE 163rd Street, North Miami Beach, Miami Dade County, Florida.

1

6.    On the above date the Plaintiff, SERGIO AYERS, while exercising due care and caution for his own safety, was shopping at said WAL-MART STORES, INC., and was caused to fall to the floor due to the careless and negligent manner in which the floors were maintained in the area at or near the water aisle. More specifically, the Plaintiff slipped on liquid on the floor.

7.    The Defendant and its employees owed to the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free form all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to him, in his lawful use of the same.

8.    That it was the duty of the Defendant to warn Plaintiff of aforesaid dangerous and unsafe condition.

9.    The Defendant, by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

a.    The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid;

b.    The Defendant should have exercised reasonable care in the care of its floors;

c.    The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors;

d.    The Defendant failed to warn the Plaintiff of the dangerous condition;

e.    the afore-described dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the afore-described dangerous and hazardous condition.

2

10.    That the aforesaid acts of negligence on the parts of the Defendant were the proximate cause of the injuries sustained by the Plaintiff.

11.    As a direct result, the Plaintiff has incurred medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, lost wages and loss of the ability to earn wages. His losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, SERGIO AYERS, demands judgment against the Defendant, WAL-MART STORES, INC., for damages, costs, and any other relief this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

DATED this 21 day of October, 2015.

> THOMAS & PEARL, P.A.
> Attorneys for Plaintiff
> 2404 Northeast 9th Street
> Fort Lauderdale, Florida 33304
> Telephone: (954) 563-9225
> Facsimile:  (954) 563-9497
> litdept@thomaspearl.com
>
> By: _____
>     GARY B. ENGLANDER, ESQ.
>     Florida Bar No.: 88616

IN THE CIRCUIT COURT OF THE 11TH

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SERGIO AYERS,

       Plaintiff,

v.

WAL-MART STORES, INC.,
a foreign profit corporation,

       Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, **SERGIO AYERS**, pursuant to Florida Rule of Civil Procedure 1.370, requests

Defendant, **WAL-MART STORES, INC.,** (hereinafter referred to as "WAL-MART"), to admit

the following with reference to the incident on July 17, 2014, which is the subject matter of this

lawsuit:

1.     That on July 17, 2014, Defendant, WAL-MART, caused or contributed to the subject accident.

2.     That on July 17, 2014, Plaintiff did not cause or contribute to the subject accident.

3.     That on July 17, 2014, Plaintiff sustained a permanent injury as a direct result of the subject accident.

4.     That Plaintiff's medical treatment since the subject accident has been reasonable.

5.     That Plaintiff's medical treatment since the subject accident has been necessary.

6.    That Plaintiff's medical treatment since the subject accident has been

related to the subject accident.

7.    That on July 17, 2014, the Defendant, WAL-MART, floor was wet so as to cause

the Plaintiff  to slip and fall.

8.    That on July 17, 2014, the Defendant, WAL-MART's negligence caused the

subject accident.

9.    That there was nothing that the Plaintiff could have done to avoid the accident

that occurred on July 17, 2014, which is the subject of this lawsuit.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the

Defendant simultaneously with the Summons and Complaint.

**THOMAS & PEARL, P.A.**
Attorneys for Plaintiff
2404 Northeast 9th Street
Fort Lauderdale, Florida 33304
Telephone: (954) 563-9225
Facsimile:  (954) 563-9497
litdept@thomaspearl.com

By:_____

GARY B. ENGLANDER, ESQ.
Florida Bar No.: 88616

-2-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SERGIO AYERS,

       Plaintiff,

v.

WAL-MART STORES, INC.,
a foreign profit corporation,

       Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

**COMES NOW**, the Plaintiff, **SERGIO AYERS**, by and through her undersigned counsel, and pursuant to Florida Rules of Civil Procedure, Rule 1.350, and files this First Request for Production to Defendant, **WAL-MART STORES, INC.,** and requests the Defendant produce the items listed below in accordance with Rule 1.350

1.     Any and all Policies of Insurance, which you contend cover or may cover any Defendant for the allegations contained in Plaintiff's Complaint.

2.     Any and all documents which support the affirmative defenses in your answer.

3.     Any and all reports of expert witnesses who will testify at time of trial pertaining to any issue involved in this lawsuit.

4.     Any statements of the Plaintiff taken in connection with the above lawsuit.

5.     Any model, plat, map, drawing, motion picture, video tape, security video or photograph pertaining to any fact or issue involved in this controversy.

1

6.     All building plans, permits, work orders, contracts, receipts, invoices, correspondence, and other documents that indicate what work has been performed at the subject location, when and/or by whom, for the three year period up to and including the date of the accident.

7.     Any materials you intend to use at trial to impeach the parties, their witnesses or experts, including impeachment material set forth in  and Northup v. Acken 865 So.2d 1267 (Fla. 2004).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the Defendant simultaneously with the Summons and Complaint.

> **THOMAS & PEARL, P.A.**
> Attorneys for Plaintiff
> 2404 Northeast 9th Street
> Fort Lauderdale, Florida 33304
> Telephone: (954) 563-9225
> Facsimile:  (954) 563-9497
> litdept@thomaspearl.com
>
> By:
> GARY B. ENGLANDER, ESQ.
> Florida Bar No.: 88616

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SERGIO AYERS,

       Plaintiff,

v.

WAL-MART STORES, INC.,
a foreign profit corporation,

       Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

     Plaintiff, **SERGIO AYERS,** pursuant to Rule 1.350, Florida Rules of Civil Procedure,
request the Defendant, **WAL-MART STORES, INC.,** and/or representative authorized to do
business in the State of Florida, to answer the attached Interrogatories within the time period
specified by the applicable Florida Rules of Civil Procedure attached hereto.

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was to be served by
service of process with Summons and Complaint filed in this cause upon the Defendant.

                    THOMAS & PEARL, P.A.
                    Attorneys for Plaintiffs
                    2404 N.E. 9th Street
                    Fort Lauderdale, Florida 33304
                    Telephone:  (954) 563-9225
                    Facsimile:  (954) 563-9497

                    GARY B. ENGLANDER, ESQ.
                    Florida Bar No. 88616
                    litdept@thomaspearl.com

*Case Number:*
*Page 2*

## PLAINTIFF, SERGIO AYERS'S, INTERROGATORIES TO DEFENDANT, WAL-MART STORES, INC.

1.      What is the name and address of the person answering these Interrogatories, and, if applicable, the person's official position or relationship with the party to whom the Interrogatories are directed?

2.      Please state the names and last known addresses and telephone numbers of all persons known to the Defendant to be eye witnesses to the incident which forms the basis of this action as alleged in Plaintiff's Complaint.

3.      Please state the names and last known addresses and telephone numbers of all persons known to the Defendant who are not eyewitnesses but who have any knowledge whatsoever of the incident herein.

4.      As to each of the above-listed persons, please state the following:

      a.      A concise summary of each person's knowledge of the facts surrounding the incident which forms the basis of this action;

      b.      Whether such eyewitnesses have given any statements to any person concerning the facts which form the basis of this action.  If so, please state the following:

            (i).      Whether such statement was written or oral;

            (ii).      Date, time and specific place where such statement was given;

*Case Number:*
*Page 3*

(iii).   Name, last known address and capacity of the person to whom such statement was given;

(iv).   Name and last known address of person in whose custody said statements are presently in.

5.   Please state whether any photographs have been taken of the scene of the incident herein, either before the date of the incident, at the time of said incident, or subsequent to the date of said incident, the name and last known address of the individuals taking said photographs, the number of photographs taken or developed and the person(s) or entity having possession of same.

6.   State whether any accident or incident report of any kind whatsoever was prepared by Defendant, or any of its agents, servants or employees, relating to the incident herein.

7.   If the answer to Interrogatory No. 6 is in the affirmative, please state the following:

a.   The date said report was prepared;

b.   The name, last known address and capacity of the person who prepared said report;

c.   The name, last known address and capacity of the person who presently has custody and possession of said report;

d.   A summary of the contents of said report.

*Case Number:*
*Page 4*

8.    Please state the inclusive dates which you were an owner of the premises upon which the incident herein is alleged to have occurred.   If you do not own the premises but leased it instead, then so state.

9.    Did the premises involved herein have any corporate occupancy during the time you owned it and, if so, please state the name of said corporation.

10.    Please indicate the names and last known addresses of all owner/partners and other entities involved in the ownership/maintenance of the premises involved herein at the time of the alleged incident.

11.    Please indicate all incidents of persons falling on the premises involved herein six months prior and subsequent to the date alleged in the Complaint as follows:

a.    The names of all persons having slipped, tripped and/or fallen;

b.    The dates of said occurrences;

c.    The specific locations of said occurrences;

d.    Please indicate any injuries sustained.

*Case Number:*
*Page 5*

12.   Has a claim been made against the Defendant for injuries sustained by a person on Defendant's premises in the past 2 years?

    a.   As to any lawsuits of claims indicated above, please state the names and addresses of all parties involved;

    b.   The dates said claims were filed;

    c.   The basis of the claim(s);

    d.   The outcome of the claim(s);

    e.   The court such cases have been filed in;

    f.   The case numbers of said cases.

13.   State the names and last known addresses of each and every employee who worked on the premises on the date of the incident in question, and for each individual listed, please indicate the dates and times they were working on the premises and their job responsibilities and job titles.

*Case Number:*
*Page 6*

14.    What individuals and/or entity besides the Defendant may have contributed to or caused the accident?   Please state the basis for your answer.

15.    Please indicate the names and last known addresses of all individuals and/or entities who maintained the area of the subject premises on the date of the subject incident.   Please further provide the names and last known addresses of any employee who is depicted in the store surveillance video to have been in the aisle.   Where the subject incident took place in the 30 minute period prior to the subject incident.

16.    Is there a diary, log book, or similar writings maintained of day-to-day happenings on the premises?   If so, please set forth the name, last known address and representative capacity is whose custody and whose custody is the above for the date of the incident in question.

17.    Please describe in detail how the alleged incident happened after you have made a diligent inquiry of all of the Defendant's agents and employees who have any knowledge of the incident.

*Case Number:*
*Page 7*

18.    Please explain all factors or events which you believed caused or contributed to cause the Plaintiff's alleged incident.

19.    Please describe the condition and appearance of the area where the alleged incident happened at the time you or any agent or employee of the Defendant examined it first after the time of the alleged occurrence.

20.    Did you or any agent or employee of the Defendant subsequent to the alleged incident make any repair, correction or change of any kind to any property of the Defendant which was involved in any way of the allegations of the Plaintiff?

        (a).    If so, please state the date and time of any such repair, correction or change.

        (b).    Set forth a full description of all actions and activities in making any such repair, correction or change.

        (c).    Set forth the name and last known address and telephone number of the person, firm or corporation making any such repair, correction or change indicating whether the repair, correction or change was done by Defendant and/or its agents or employees.

*Case Number:*
*Page 8*

21.     Was any warning, or other safety precaution given to the Plaintiff concerning any danger in the area where the alleged incident occurred?   Please state the basis for your answer.

*Case Number:*
*Page 9*

WAL-MART STORES, INC.

STATE OF_____
COUNTY OF_____

      **BEFORE   ME,**   the   undersigned   authority,   personally   appeared
as _____ and/or authorized representative of
, who, after first being duly sworn, did depose and state that the above and foregoing Answers to
Interrogatories are true and correct.

      The foregoing instrument was acknowledged before me this _____ day of
,   2015,   who   is   personally   known   to   me   or   who   has   produced
as identification and who did/did not take an oath.

                                 **NOTARY PUBLIC**

                                 Sign:_____

                                       **SEAL**
                                Print:_____

**MY COMMISSION EXPIRES:**

 CT Corporation

**Service of Process Transmittal**
12/04/2015
CT Log Number 528265913

**TO:**  Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St MS 215
Bentonville, AR 72716-6209

**RE:**  **Process Served in Florida**

**FOR:**  Wal-Mart Stores, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AYERS SERGIO, Pltf. vs. WAL-MART STORES, INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, First Request, Request, Notice, Interrogatories |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2015024423CA01 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 07/17/2014 - 1425 NE 163rd Street, North Miami Beach, Miami Dade County, Florida |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2015 at 14:00 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Gary B. Englander<br>THOMAS & PEARL, P.A<br>2404 Northeast 9th Street<br>Fort Lauderdale, FL 33304<br>954-563-9225 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/04/2015, Expected Purge Date: 12/09/2015<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / SJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**EXHIBIT**

C



**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

# Detail by Entity Name

### Foreign Profit Corporation

WAL-MART STORES, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | 849374 |
| **FEI/EIN Number** | 71-0415188 |
| **Date Filed** | 06/08/1981 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 12/30/1983 |
| **Event Effective Date** | NONE |

### Principal Address

702 SW 8th Street
BENTONVILLE, AR 72716

Changed: 04/12/2013

### Mailing Address

702 SW 8th Street
BENTONVILLE, AR 72716

Changed: 04/12/2013

### Registered Agent Name & Address

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Name Changed: 03/29/2004

Address Changed: 03/29/2004

### Officer/Director Detail

### Name & Address

Title CEO

McMillon, Doug
702 SW 8th Street
BENTONVILLE, AR 72716



Title VP

LEAK, J. COUNCILL
702 SW 8th Street
BENTONVILLE, AR 72716

Title Secretary

GEARHART, JEFFREY
702 SW 8th Street
BENTONVILLE, AR 72716

Title Treasurer

DAVIS, JEFFREY A
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

WOLF, LINDA S.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

CASH , JAMES I , Jr.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

ALVAREZ, AIDA M.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

BREYER, JAMES W.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

WALTON, JIM
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

WILLIAMS, CHRISTOPHER J.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

PENNER, GREGORY B.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

SCOTT, H. LEE , Jr.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

DAFT, DOUGLAS N.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

FLYNN, TIMOTHY P.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

MAYER, MELISSA A.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

REINEMUND, STEVEN S.
702 SW 8th Street
BENTONVILLE, AR 72716

Title Director

SORENSON, ARNE M.
702 SW 8th Street
BENTONVILLE, AR 72716

## Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2013 | 04/12/2013 |
| 2014 | 04/17/2014 |
| 2015 | 04/18/2015 |

## Document Images

| | |
| --- | --- |
| 04/18/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/17/2014 -- ANNUAL REPORT | View image in PDF format |

07/01/2013 -- AMENDED ANNUAL REPORT    View image in PDF format

04/12/2013 -- ANNUAL REPORT            View image in PDF format

01/25/2012 -- ANNUAL REPORT            View image in PDF format

10/25/2011 -- ANNUAL REPORT            View image in PDF format

03/19/2011 -- ANNUAL REPORT            View image in PDF format

04/07/2010 -- ANNUAL REPORT            View image in PDF format

04/09/2009 -- ANNUAL REPORT            View image in PDF format

04/08/2008 -- ANNUAL REPORT            View image in PDF format

08/07/2007 -- ANNUAL REPORT            View image in PDF format

03/15/2007 -- ANNUAL REPORT            View image in PDF format

04/19/2006 -- ANNUAL REPORT            View image in PDF format

05/05/2005 -- ANNUAL REPORT            View image in PDF format

05/04/2004 -- ANNUAL REPORT            View image in PDF format

03/29/2004 -- Reg. Agent Change        View image in PDF format

04/28/2003 -- ANNUAL REPORT            View image in PDF format

05/23/2002 -- ANNUAL REPORT            View image in PDF format

05/12/2001 -- ANNUAL REPORT            View image in PDF format

04/21/2000 -- ANNUAL REPORT            View image in PDF format

05/17/1999 -- ANNUAL REPORT            View image in PDF format

10/15/1998 -- Reg. Agent Change        View image in PDF format

05/13/1998 -- ANNUAL REPORT            View image in PDF format

05/06/1997 -- ANNUAL REPORT            View image in PDF format

04/25/1996 -- ANNUAL REPORT            View image in PDF format

05/16/1995 -- ANNUAL REPORT            View image in PDF format

05/16/1995 -- 1995 ANNUAL REPORT       View image in PDF format

05/01/1994 -- 1994 ANNUAL REPORT       View image in PDF format

05/01/1993 -- 1993 ANNUAL REPORT       View image in PDF format

06/18/1992 -- 1992 ANNUAL REPORT       View image in PDF format

08/28/1991 -- 1991 ANNUAL REPORT       View image in PDF format

07/10/1990 -- 1990 ANNUAL REPORT       View image in PDF format

07/18/1989 -- 1989 ANNUAL REPORT       View image in PDF format

07/08/1988 -- 1988 ANNUAL REPORT       View image in PDF format

07/20/1987 -- 1987 ANNUAL REPORT       View image in PDF format

08/21/1986 -- 1986 ANNUAL REPORT       View image in PDF format

09/01/1985 -- 1985 ANNUAL REPORT       View image in PDF format

06/29/1984 -- 1984 ANNUAL REPORT       View image in PDF format

12/30/1983 -- Amendment                View image in PDF format

07/21/1983 -- 1983 ANNUAL REPORT       View image in PDF format

10/14/1982 -- Reg. Agent Change        View image in PDF format

08/25/1982 -- Amendment                View image in PDF format

07/16/1982 -- 1982 ANNUAL REPORT | View image in PDF format |

Copyright © and  Privacy Policies

State of Florida, Department of State



# THOMAS & PEARL

BRIAN S. PEARL
ROBERT H. THOMAS

JASON B. PEARL
WARREN Q. PEEBLES
GARY B. ENGLANDER
ELISSA S. PEARL**
HOWARD R. MOSS

MERRILL H. THOMAS
OFFICE ADMINISTRATOR

** FLORIDA SUPREME COURT
CERTIFIED MEDIATOR

**ESTABLISHED 1973**

2404 NORTHEAST 9th STREET
FORT LAUDERDALE, FLORIDA 33304
TELEPHONE (954) 563-9225
FACSIMILE (954) 563-9497
WWW.THOMASANDPEARL.COM

PLEASE REPLY TO:
**FORT LAUDERDALE OFFICE**

WEST PALM BEACH OFFICE
SUITE 110M
12230 FOREST HILL BOULEVARD
WELLINGTON, FL 33414
(561) 832 0223

September 29, 2015

Claims Management, Inc.
PO Box 14731
Lexington, KY  40512-4731
**Attn: Matthew Lee, Case Manager**

RE:     Our Client:     Sergio Ayers
        Your Insured:  Wal-Mart Stores #3235
        Claim No:       7239660
        D/A:              07/16/2014

Dear Mr. Lee:

███████████████████████████████████████████████████████████

sustaining what can only be described as CATASTROPHIC INJURIES.  I am not embellishing,
███████████████████████████████████████████████████████████

Enclosed is $142,905.00 in medical bills inclusive of the following:

| | | |
|---|---|---:|
| EMS | $ | |
| Jackson Health | $ | 3,071.85 |
| AccuMed Wellness | $ | 9,013.00 |
| Stand-Up MRI | $ | 3,200.00 |
| Pathology Group | $ | 311.00 |
| AN Science | $ | 59,967.00 |
| Miami Surgical | $ | 60,343.00 |
| Anesthesiology Assoc. | $ | 7,000.00 |
| **Total** | **$ 142,905.00** | |



**EXHIBIT**

E

Letter to:  Mr. Matthew Lee, Case Manager
September 29, 2015
Page Two



Letter to:  Mr. Matthew Lee, Case Manager
September 29, 2015
Page Three

In litigation a revised settlement demand will obviously be made due to lost wages, loss of earning capacity, and future medical bills.  We are willing to make a demand at this time ONLY to resolve this matter for $490,000.00.

Very truly yours,

BRIAN S. PEARL, ESQ.