UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-24663-DPG

SERGIO AYERS,

      Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

      Defendant.

_____/

## WAL-MART'S MOTION FOR SUMMARY JUDGMENT

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart")by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, moves for summary judgment and in support states:

### I.      Preliminary Statement

Plaintiff Sergio Ayers ("Plaintiff") sued Wal-Mart alleging negligence after he slipped and fell on water in the water aisle of a Wal-Mart store. Plaintiff, however, cannot prove Wal-Mart had actual or constructive notice of the alleged dangerous condition (i.e. water). Specifically:

1.      Plaintiff fails to establish Wal-Mart had actual knowledge of the water. Both Assistant Manager Rachelle Pericles ("Pericles") and Department Manager Carolyn Adderley ("Adderley") unequivocally testified they had no knowledge of any water on the floor before Plaintiff's incident. There is no record evidence that any other Wal-Mart associate knew of the water before Plaintiff's incident.

2.      Similarly, Plaintiff fails to establish Wal-Mart had constructive notice of the water. All fact witnesses, including Plaintiff, agree they don't know where the water on the floor came from and the water upon which the Plaintiff fell was clean and clear.   Plaintiff, Adderley, Pericles, and Plaintiff's companion, Merline Melidore, ("Melidore"), have all testified the water contained no track marks, footprints, skid marks or smudges. Additionally, Adderley walked past the water aisle approximately one minute before Plaintiff's incident and observed no water on the floor[1]. The water was not on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart. Moreover, Plaintiff has presented no evidence the water on the floor of the water aisle, or any other aisle, occurred with any regularity and was therefore foreseeable. Both Adderley and Pericles testified that in their years of experience at Wal-Mart neither of them reported to or investigated any similar incidents involving a customer falling on water in the water aisle.

Because Plaintiff cannot prove Wal-Mart had actual or constructive notice of the alleged dangerous condition, this Court should enter summary judgment.

## II.      Statement of Material Undisputed Facts

1.      On July 17, 2014, Plaintiff and Melidor, arrived at Wal-Mart to shop.[2]

2.      While shopping at Wal-Mart, Ayers entered the water aisle to retrieve a gallon of water from the shelf.[3]

---

[1]      Adderley was walking down the action alley which is perpendicular to the water aisle.

[2]      Ayers Dep. at 72:15 – 74:10 attached as Ex. "A."

2

3.      At approximately 2:50 p.m., while rushing down the water aisle, Ayers slipped and fell on water near the water shelf.[4]

4.      Melidor, who at the time of Plaintiff's incident was waiting at the top of the aisle, witnessed the incident.[5]

5.      At the time of the incident, Wal-Mart's associates were conducting Zone Defense of the store's aisles including the water aisle.[6] Zone Defense occurs every day from 2:00 p.m. – 3:00 p.m. and comprises Wal-Mart's associates walking the aisles to ensure they are clean and safe from hazardous objects and spills.[7]

6.      One minute prior to Plaintiff's incident, Adderley walked by the water aisle and did not observe any water on the floor. [8]

7.      After his incident, Ayers observed the water upon which he fell.[9] He stated it was clean and clear, had no odor, and was non-sticky.[10] Ayers "had no idea" how long the water was on the floor.[11]

8.      Melidor agreed and testified the water was clean and clear.[12] She further testified it no marks.[13] Melidor does not know how the water came to be on the floor.[14]

---

[3]   *Id.* at 82:2 – 82:13; Pl.'s Verified Answers to Interrog. No. 3 attached as Ex. "B."
[4]   Ex. "A", Ayers Dep. at 85:5 – 85:22.
[5]   Melidor Dep. at 40:21 – 40:24 attached as Ex. "C."
[6]   Adderley Dep. at 13:21 – 13:24 attached as Ex. "D."
[7]   *Id.* at 13:21 – 13:24; 14:1 – 14:7; 51:14 – 51:23; Pericles Dep. at 37:1 – 37:3; 38:2 – 38:6 attached as Ex. "E."
[8]   Ex. "D," Adderley Dep. at 28:21 – 29:2; 39:14 – 39:17.
[9]   Ex. "A", Ayers Dep. at 106:18 – 107:21.
[10]  *Id.* at 107:16 – 107:21; 109:23-109:25.
[11]  *Id.* at 107:22 – 107:25; 157:9 – 157:19.
[12]  Ex. "C," Melidor Dep. at 40:21 – 40:24.

3

9.     Pericles and Adderley responded upon learning of the fall and observed the water.[15] Adderley noted it was clean with no footprints, track marks, or smudges.[16]

10.     Similarly, Pericles observed the water to be clean, clear, and without track marks, footprints, or skid marks.[17]

11.     Adderley did not know of the water before the incident. In fact, Adderley inspected the water aisle just one minute before the incident and saw no water.[18]

12.     Before the incident, no one advised Adderley water was on the floor.[19] In the eight years Adderley was employed at the Wal-Mart store before Plaintiff's incident, Adderley did not report to or investigate any similar incidents involving a customer falling on water in the water aisle.[20]

13.     Likewise, during the two year period before Plaintiff's incident, Pericles did not respond to or investigate any similar incidents involving slip and falls on water in the water aisle.[21] Ms. Pericles did not know of water on the floor.[22]

---

[13]     *Id.* at 60:5 – 60:24.
[14]     *Id.* at 49:5 – 49:9.
[15]     Ex. "D," Adderley Dep. at 16:06-16:17; Ex. "E," Pericles Dep. at 9:08-9:12.
[16]     Ex. "D," Adderley Dep. at 43:24 – 44:12.
[17]     Ex. "E," Pericles Dep. at 10:16 – 10:18; 32:25 – 33:9; 39:9 – 39:12.
[18]     Ex. "D," Adderley Dep. at 28:21 – 29:2; 39:14 – 39:17.
[19]     *Id.* at 46:20 – 47:3.
[20]     *Id.* at 48:7 – 49:4.
[21]     Ex. "E," Pericles Dep. at 29:23 – 30:13.
[22]     *Id.* at 33:18 – 34:10.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

No one advised Pericles water was on the floor of the water aisle, and she came to learn of it only after the incident.[23]

### III.   Memorandum of Law and Analysis

### A.   Summary judgment standard

Summary Judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). As a general rule, a party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323; *See also Monelus v. Tocodrian, Inc.*, No. 07-61801, 2008 WL 5272171 (S.D. Fla. Dec. 16, 2008). To discharge this burden, a movant need only direct the district court's attention to the fact there is an absence of evidence to support the nonmoving party's case. *See Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). Once a movant has met its burden, the burden shifts to the nonmoving party to "come forward with affirmative evidence to support its claim." *Monelus*, 2008 WL 5272171, at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 257 (1986)). To meet that burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not "rest upon the mere allegations and denials of the adverse party's pleading, but the

---

[23]     *Id.*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Failing to present proof concerning an essential element of the non-moving party's case renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex Corp.,* 477 U.S. at 322.

**B.      Plaintiff cannot establish Wal-Mart had notice of the water on the floor.**

A federal court siting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.,* 592 F. 3d 1119, 1132-33 (11th Cir. 2010). Thus, the principles of Florida law govern the instant case[24]. Under Florida law Plaintiff must prove four elements to establish a cause of action for negligence: (1) a duty to the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff because of the defendant's breach, and (4) damages. *See Delgado v. Laundromax, Inc.*, 65 So. 3d 1089 (Fla. 3d DCA 2011).

Further, Florida law mandates that a person who slips and falls on a transitory foreign substance in a business establishment must prove that the establishment had actual or constructive notice of the dangerous condition and should have taken action to remedy it. Section 768.0755, Florida Statutes (2010) provides:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

---

[24]      Plaintiff alleges claims of negligence arising from injuries sustained while at a Wal-Mart store located in North Miami Beach, Miami-Dade County, Florida. (Pl.'s Compl. at ¶¶ 4-6).

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) the condition occurred with regularity and was therefore foreseeable.

Negligence may not be inferred from the mere happening of an accident alone. *See Belden v. Lynch,* 126 So. 2d 578, 581 (Fla. 2d DCA 1961). The mere presence of liquid on the floor is not enough to establish constructive notice. *See Gordon v. Target Corp.*, 07-80412-CIV, 2008 WL 2557509, at *4 (S.D. Fla. June 23, 2008). To establish constructive notice through circumstantial evidence, the liquid substance complained of must also show obvious signs of age such as skid marks, smudges, dirt or the like. *See Wal-Mart Stores, Inc. v. King,* 592 So. 2d 705, 706-077 (Fla. 5th DCA 1991). Conversely, evidence that a substance appears clean or undisturbed when a plaintiff slips and falls usually precludes constructive notice. *See Berard v. Target Corp.,* 559 F. App'x 977, 978 (11th Cir. 2014). Here, even drawing every reasonable inference in favor of the non-moving party, Wal-Mart is entitled to summary judgment in its favor as a matter of law as the plaintiff cannot satisfy its burden of proving Wal-Mart had actual or constructive notice of the water on the floor; therefore, Wal-Mart breached no duty owed to Plaintiff.

### i.    Wal-Mart did not breach any duty owed to Plaintiff.

The duty of a Florida landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils of which it knew or should have known and which could not have been discovered by the invitee through exercising ordinary care. *See Espinosa Ugaz v. Am. Airlines, Inc.,* 576 F. Supp. 2d 1354, 1367-1368 (S.D. Fla. 2008). Wal-Mart did not breach its

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

duty to take ordinary and reasonable care to keep its premises reasonably safe. There is no record evidence that Wal-Mart failed to adequately maintain the floor of the water aisle. Similarly, there is no evidence Wal-Mart failed to adequately inspect the floor. In fact, Wal-Mart had a reasonable procedure in place to keep its premises reasonably safe. The record shows that during Plaintiff's incident, Wal-Mart's associates were actively conducting "Zone Defense" of the store's aisles including the water aisle. (Ex. "D," Adderley Dep. at 13:21 – 13:24). Specifically, Adderley and Pericles testified Zone Defense consists of Wal-Mart's associates walking the aisles to ensure they are clean and safe from hazardous objects and spills. (Id. at 13:21 – 13:24; 14:1 – 14:7; 51:14 – 51:23; Ex. "E," Pericles Dep. at 37:1 – 37:3; 38:2 – 38:6). There is no record evidence that any Wal-Mart associate failed to comply with Wal-Mart's procedures regarding spill detection and correction including the store's "Zone Defense" policy. And there is no record evidence of any actual or constructive notice of any dangerous condition including no evidence Wal-Mart knew or should have known about the alleged water. *See Espinosa,* 576 F. Supp. 2d at 1367-1368. Therefore, without such notice of the water on the floor, Wal-Mart did not breach its duty to use reasonable care or to warn Plaintiff.

### ii.   Wal-Mart did not have actual knowledge of the water on the floor before Plaintiff's incident.

Before Plaintiff's fall, no Wal-Mart employee was aware water was on the floor. Plaintiff has presented no competent evidence that any Wal-Mart associate knew of the water before his incident. Ms. Pericles did not have actual notice of the water on the floor as she came to learn of the water for the first time when she reported to

the area after Plaintiff's alleged slip and fall. (Ex. "E," Pericles Dep. at 34:10 –
34:12). Before Plaintiff's fall no one advised Pericles water was on the floor. (*Id.* at
33:18 – 34:9). Plaintiff has presented no competent evidence to refute Pericles'
testimony she did not know of the water on the floor before his incident.

Likewise, Adderley did not know of the water on the floor before the fall. Ms.
Adderley inspected the aisle at issue approximately one minute before Plaintiff's
incident and saw no water on the floor. (*See* Ex. "D," Adderley Dep. at 28:21 – 29:2;
39:14-39:17). Had she observed water she would have cleaned it. (*Id.* at 51:5 –
52:22). Before Plaintiff's fall, no one advised Adderley water was on the floor of the
water aisle. (*Id.* at 46:20 – 47:3). Plaintiff has presented no competent evidence to
refute her testimony that she did not have actual knowledge of the water on the
floor before his incident. As such, Wal-Mart cannot be said to have actual
knowledge of the water on the floor before the incident.

### iii.   Wal-Mart did not have constructive knowledge of the water on the floor before the incident.

Florida courts routinely grant summary judgment in favor of the defendant
when record evidence indicates the liquid substance upon which the plaintiff claims
to have fallen appeared clean, clear, and contained no footprints, track marks,
smudges or dirt. *See Berard,* 559 F. App'x at 978 (affirming summary judgment in
favor of the defendant were record evidence indicated the water upon which
plaintiff fell was clean, clear and contained no footprints, cart marks, or other
marks.); *Feliciano v. Target Corp.,* No. 2:13–cv–278–FtM–38DNF., 2014 WL
2199642, at *1 (M.D. Fla. May 27, 2014) (granting summary judgment in the

defendant's favor where record evidence indicated the liquid upon which the plaintiff fell was clear and did not contain footprints, shopping cart tracks); *Sammon v. Target Corp.*, No. 8:11–cv–1258–T–30EAJ., 2012 WL 3984728, at *1 (M.D. Fla. Sept. 11, 2012) (accord); *see also Oken ex rel. J.O. v. CBOCS, Inc.,* No. 8:12–cv–782–T–33MAP, 2013 WL 2154848, at *1 (M.D. Fla. May 17, 2013) (granting the defendant's motion for summary judgment finding the plaintiff failed to prove defendant had actual or constructive notice of the water on the floor as there were no skid marks in the area of the alleged fall, no record evidence suggesting the area of the spill was dirty or contained track marks).

Florida courts have also granted summary judgment in favor of the defendant where record evidence shows that the plaintiff did not know how the water came to be on the floor, where the water came from, how long the water was on the floor, nor whether any employee knew the water was on the floor before the plaintiff's fall. *See Delgado,* 65 So. 3d at 1090; *Hussain v. Winn-Dixie Stores, Inc.,* 765 So. 2d 142 (Fla. 5th DCA 2000); *see also Broz v. Winn Dixie Stores, Inc.*, 546 So. 2d 83 (Fla. 3d DCA 1989) (affirming summary judgment where there was no evidence how long the grape had been on the floor, no evidence of footprints, cart tracks, thawing, or other indicia of constructive notice to indicate that the grape had been on the floor for any length of time, and the defendant offered evidence the floor was routinely inspected).

In a factually analogous case, the plaintiff sued Winn-Dixie after she slipped and fell on water. *See Walker v. Winn-Dixie Stores, Inc.,* 160 So. 3d 909, 913 (Fla. 1st

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

DCA 2014). Winn-Dixie inspected the area three minutes before the incident and at most the water was on the floor for less than four minutes before the plaintiff's fall, and the plaintiff presented no evidence the floor was wet for more than one to four minutes. *Id.* at 912-913. The court affirmed summary judgment finding the brief time period could not satisfy the statutory requirement that the alleged dangerous condition existed for a sufficient length of time that Winn-Dixie should have known of the wet floor and remedied it. *Id.* at 913.

Here, even drawing every reasonable inference in Plaintiff's favor, Wal-Mart is entitled to summary judgment in its favor because Plaintiff has not satisfied his burden of proving Wal-Mart had constructive notice of the water on the floor. It is clear, no one advised Adderley, Pericles, or any other Wal-Mart employee water was on the floor before Plaintiff's incident. (*See* Ex. "D," Adderley Dep. at 46:20 – 47:3; Ex. "E," Pericles Dep. at 33:18 – 34:10). Both Pericles and Adderley came to learn of the water only after Plaintiff's incident. There is no record evidence any other Wal-Mart associate had actual knowledge of the water on the floor before Plaintiff's incident.

Further, **all fact witnesses and Plaintiff have testified the water upon which he fell did not show signs of age**. *See King,* 592 So. 2d at 706-07. Plaintiff himself testified the water was clean, not sticky and had no odor. *See* Ex. "A," Ayers Dep. at 107:16 – 107:21; 109:23-109:25). Melidor corroborated Plaintiff's testimony noting the clear water upon which Plaintiff fell did not contain track marks. *See* Ex. "C," Melidor Dep. at 60:5 – 60:24). Likewise, both Adderley and Pericles confirmed

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the clean and clear water upon which Plaintiff fell did not contain footprints, track marks, skid marks, or smudges. (*See* Ex. "D," Adderley Dep. at 43:24 – 44:12; Ex. "E," Pericles Dep. at 10:16 – 10:18; 32:25 – 33:9; 39:9 – 39:12). This record evidence proves the water upon which Plaintiff fell showed no signs of age whatsoever. *See King,* 592 So. 2d at 706. Viewing the evidence in the light most favorable to Plaintiff, he has not shown the water on the floor existed for a sufficient length of time to impose constructive knowledge upon Wal-Mart. *See Berard,* 559 F. App'x 977 at 978; *Feliciano,* 2014 WL 2199642 at * 1; *Sammon,* 2012 WL 3984728 at *1. Evidence that the water upon which Plaintiff fell was clean and undisturbed precludes any finding of constructive notice and entitles Wal-Mart to summary judgment as a matter of law. *See Berard,* 559 F. App'x 977 at 978.

Additionally, Plaintiff cannot satisfy his burden of proving Wal-Mart had constructive notice of the water as Adderley inspected the water aisle approximately one minute before the incident and observed no water on the floor. (*See* Ex. "D," Adderley Dep. at 28:21 – 29:2; 39:14 – 39:17). Like the court in *Walker*, 160 So. 3d 909, this Court should find the brief one minute period between the time Adderley inspected the floor of the water aisle finding no water on the floor, and the time Plaintiff fell cannot satisfy Plaintiff's burden of proving the water existed for a sufficient length of time that Wal-Mart knew or should have known of the water.

Furthermore, summary judgment in Wal-Mart's favor is proper as neither Plaintiff nor his companion could testify how the water came to be on the floor or how long the water remained on the floor. (*See* Ex. "A," Ayers Dep. at 157:9 –

157:19; Ex. "C," Melidor Dep. at 49:5 – 49:9). Specifically, Plaintiff testified he "had no idea" how long the water upon which he fell was on the floor before his incident. (*See* Ex. "A," Ayers Dep. at 157:9 – 157:19). Like the *Delgado* plaintiff, the only evidence offered by Plaintiff was that the floor of Wal-Mart's water aisle was wet and as a result he slipped and fell. Like the *Delgado* court, this Court should find the mere presence of water on the floor of Wal-Mart's water aisle cannot establish constructive notice; thereby, requiring the entry of summary judgment in Wal-Mart's favor. *See Delgado,* 65 So. 3d at 1090.

    iv.    **The presence of Wal-Mart employees in the area Plaintiff fell does not give rise to an inference Wal-Mart had constructive knowledge of the water.**

Ms. Pericles testified her review of the CCTV footage of Plaintiff's incident revealed no employees in the aisle prior to Plaintiff's incident. (Ex. "E," Pericles Dep. at 19:6-19:9). Ms. Adderley testified her review of the footage confirmed there were no Wal-Mart associated in the water aisle in the ten 10 minutes before Plaintiff's incident. (Ex. "D," Adderley Dep. at 25:25 – 26:03). Plaintiff, however, testified there were three Wal-Mart employees near the water aisle at the time of his incident; (1) a female employee at the end of the aisle, (2) a male employee not actually inside the water aisle at the time of the incident but rather was at the top of the aisle; (3) and a female employee. (*See* Ex. "A," Ayers Dep. at 96:14-99:1; 100:2 – 102:3). Even if the divergent testimonies of Wal-Mart's employees and Plaintiff are construed in the light most favorable to Plaintiff, Wal-Mart cannot be said to have had actual or constructive knowledge of the water because the presence of

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Wal-Mart employee's near the area at the time of Plaintiff's incident does not impute actual or constructive notice upon Wal-Mart.

To impute actual or constructive notice upon Wal-Mart based on the mere presence of employees in the area at the time of Plaintiff's incident, Plaintiff must present competent evidence that the water was on the floor for a sufficient length of time such that Wal-Mart should have known it was on the floor and removed it. Without more, Plaintiff's attempt to impute actual or constructive knowledge upon Wal-Mart fails. *See Miller v. Big C Trading, Inc.,* 641 So. 2d 911, 912 (Fla. 3d DCA 1994).

For instance, in *Miller,* the plaintiff relied on evidence that two employees were nearby when she fell which the plaintiff argued gave rise to an inference that the defendant should have known a grape was on the floor, and thus, the defendant had constructive notice of the grape's presence. *Miller,* 641 So. 2d at 912. There was no evidence to show the grape upon which the plaintiff fell was on the floor for any length of time such as thawing, cart tracks, footprints or other indicia of constructive notice. *Id.* at 911. The appellate court affirmed summary judgment in favor of the defendant finding "since there is no indication as to how long the grape was on the floor, *there can be nothing but speculation* to support the claim that the employees could, let alone, should have seen [the grape] in time to remove it. *Id.* (emphasis added). The *Miller* court disagreed with the statement that constructive knowledge of a dangerous condition can be imputed upon the defendant from the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

mere fact that an employee may be able to see the dangerous condition complained of from his or her location in the store. *Id.*

Similarly, the court in *Winn-Dixie Stores, Inc. v. Mazzie,* 707 So. 2d 927, 929 (Fla. 5th DCA 1998), reversed summary judgment in favor of the plaintiff because it found that evidence of an employee in the area of the incident could not create an inference that the defendant had actual or constructive notice of the dangerous condition. The plaintiff slipped and fell on a liquid which she testified was clear, odorless, and looked like water. *Id.* at 928. The plaintiff also testified she did not know how the liquid came to be on the floor, how long it had been on the floor, and a Winn-Dixie employee testified that a "zone check" ten minutes before the plaintiff's fall revealed no evidence of the liquid. *Id.* The court held there was no competent record evidence Winn-Dixie had actual or constructive knowledge of the liquid on the floor. *Id.* at 929.

And in *Hamideh v. K-Mart Corp.,* the plaintiff argued notice of the clear liquid upon which the plaintiff slipped and fell should be imputed upon K-Mart because an employee was in the area when the plaintiff fell. *See Hamideh v. K-Mart Corp.,* 648 So. 2d 824, 824-25 (Fla. 3d DCA 1995). Specifically, the plaintiff testified there was a K-Mart employee in the aisle where she fell at the time of the incident. *Id.* at 824. The appellate court affirmed summary judgment finding that the fact a store employee may have been stocking shampoo in the same aisle where the plaintiff slipped and fell on a shampoo-like substance was insufficient, without more, to create an inference that K-Mart had actual or constructive notice of the liquid on

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the floor. *Id.* The court found instructive the fact that the plaintiff did not know how the liquid came to be on the floor, who put it there, how long it was on the floor, whether any employees knew the liquid was on the floor, whether there were any cart marks or track marks through it, or whether there was any dirt in it. *Id.* at 924.

Here too, Wal-Mart cannot be said to have had actual or constructive notice of water on the floor merely because of the allegation that there were some employees in the vicinity at the time of the incident. *See Hamideh,* 648 So. 2d 825; *Miller ,* 641 So. 2d at 912; *Mazzie,* 707 So. 2d at 929. Like the *Mazzie* plaintiff, Plaintiff testified he too slipped on water that was clear and odorless (Ex. "A," Ayers Dep. at 107:18-107:21), he too does not know how long the water upon which he fell was on the floor (*id.* at 107:22-107:25), and he too observed an employee near the area of incident (*id.* at 100:05-102:3). Thus, regardless of Plaintiff's testimony that there were three employees near the area at the time of his incident, Wal-Mart cannot be said to have had actual or constructive notice of the water on the floor because the plaintiff's testimony does not demonstrate the water upon which he fell was on the floor for a sufficient length of time such that Wal-Mart knew or should have known about it and removed it. *See Mazzie,* 707 So. 2d at 929. All fact witnesses have testified the water was clean, clear, not dirty and contained no track marks or footprints. Without this evidence, the mere fact that a Wal-Mart employee was near the area of plaintiff's incident, or even inside the water aisle at the time of the incident, does not impute actual or constructive notice upon Wal-Mart. *See*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Hamideh,* 648 So. 2d 825; *Miller ,* 641 So. 2d at 912. Additionally, Adderley, who was conducting "Zone Defense" at the time of the incident, inspected the water aisle one minute before Plaintiff's incident and she saw no water on the floor. *See Mazzie,* 707 So. 2d at 929. Therefore, there is no competent record evidence Wal-Mart had actual or constructive notice simply because an employee was near or inside the water aisle at the time of Plaintiff's fall, and thus, this Court should grant summary judgment in Wal-Mart's favor.

## C.    Plaintiff cannot rely on foreseeability to establish constructive notice.

Summary judgment is proper because there is no evidence that the dangerous condition (i.e. water on the floor of the water aisle) occurred with enough regularity to impute constructive notice upon Wal-Mart. *See Peer v. Home Depot USA, Inc.,* No. 2:11–cv–14356–KMM, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012). In *Peer,* the plaintiff sued Home Depot after he slipped and fell on a slimy substance. *Id.* at *1. The court granted defendant's motion for summary judgment on the issue of constructive notice because defendant's employee, who had worked at Home Depot for nearly ten years, testified no similar instances had occurred in the past, and there was no record evidence that such a hazard occurred with enough frequency to impute constructive notice upon Home Depot. *Id.* at * 3. The court explained that although the defendant had policies and procedures to prevent slip and fall, simply having policies to prevent incidents does not equate to those instances being foreseeable. *Id.* The plaintiff presented no evidence to establish a

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

dispute regarding whether the dangerous condition occurred with any regularity or the length of time the substance was on the floor before his incident[25]. *Id.*

Here, Plaintiff has presented no evidence that spilled water on the floor of the water aisle, or any other aisle for that matter, occurred with any regularity and was therefore foreseeable. *See id*. Therefore, Plaintiff cannot establish its burden of proving Wal-Mart had constructive notice of the water. In fact, like the *Peer* employees, both Adderley and Pericles testified that in their respective years of experience at Wal-Mart neither of them reported or investigated any similar incidents involving a customer falling on water in the water aisle. *Id.* Additionally, in the eight years Adderley has been employed at the subject Wal-Mart store she investigated no similar incidents involving a customer falling on water in the water aisle, and Plaintiff has presented no evidence to dispute same. (Ex. "D," Adderley Dep. at 48:7 – 49:4).

## IV. Conclusion

For the foregoing reasons and based upon the cited authorities it is abundantly clear that Plaintiff cannot establish that Wal-Mart breached had notice or breached its duty to Plaintiff, which are essential elements of their claim upon which they will bear the burden of proof at trial. Because Plaintiff is unable to establish the existence of these essential elements, there is no genuine dispute as to any material fact and Wal-Mart is entitled to judgment as a matter of law. Accordingly, Wal-Mart respectfully requests this Court enter summary judgment in its favor

---

[25] There was no record evidence that the substance upon which the plaintiff slipped and fell was on the floor for a sufficient length of time such that Home Depot knew or should have known about it and removed it.

Respectfully submitted,

/s/  *Schuyler A. Smith*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Schuyler A. Smith
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East, L.P.*
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 3, 2016, I electronically filed the oregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/  *Schuyler A. Smith*
Schuyler A. Smith

## SERVICE LIST

Gary B. Englander, Esq.
Florida Bar No. 88616
Thomas A. Pearl, P.A.
*Attorneys for Plaintiff*
2404 Northeast 9th Street
Fort Lauderdale, Florida 33304
litdept@thomaspearl.com