UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24663-CIV-GAYLES

**SERGIO AYERS,**

        **Plaintiff,**

v.

**WAL-MART STORES, EAST, L.P.,**

        **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Wal-Mart's Motion for Summary Judgment [ECF No. 24]. The Court has carefully considered the motion and the record, and is otherwise fully advised. Based thereon, the Motion is granted.

**I.   BACKGROUND**

On July 17, 2014, Plaintiff Sergio Ayers ("Plaintiff") and Merline Melidore ("Melidore") went to one of Defendant Wal-Mart Stores, East, L.P. ("Wal-Mart") stores. At approximately 2:50 p.m., Plaintiff slipped and fell on water in the water aisle of the store. [ECF No. 24 ¶ 3]. Melidor witnessed the incident. *Id.* at ¶ 4.

Approximately one minute before the incident, Wal-Mart Department Manager Carolyn Adderley ("Adderley") walked by the water aisle and did not see any water on the floor. *Id.* at ¶ 6. Adderley was about one foot away from where Plaintiff slipped. [ECF No. 28 at ¶ 20]. After the incident, Adderley, Assistant Manager Rachelle Pericles ("Pericles"), Melidore, and Plaintiff each observed the water on the floor. [ECF No. 24 at ¶¶ 7, 8, 9]. It is undisputed that the water was clean with no footprints, track marks, or smudges. *Id.* Neither Adderley nor Pericles knew there was water on the floor before the incident. *Id.* at ¶¶ 6, 13.

Every day from 2:00 p.m. to 3:00 p.m., Wal-Mart employees, conducting a "Zone Defense," walk through the aisles of the store to ensure they are clean and safe. *Id.* ¶ 5. A Wal-Mart employee, Maxine, was assigned to "zone" the water aisle on the day of the incident. [ECF No. 28 at ¶ 24]. Maxine was not present at the time of Plaintiff's fall. *Id.* at ¶ 25.

On October 21, 2016, Plaintiff filed this negligence action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On December 18, 2016, Defendant removed the action to this Court. On October 3, 2016, Defendant filed its Motion for Summary Judgment.

II.     **LEGAL STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756

F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## III.     DISCUSSION

Plaintiff asserts that Wal-Mart was negligent in allowing a foreign substance to be on the floor of the store. "Under Florida law, which governs this diversity case, a plaintiff bringing a negligence claim based upon a transitory foreign substance on the floor of a business must prove that the business had 'actual or constructive knowledge' of the dangerous condition and should have taken action to remedy it.'" *Garcia v. Target Corp.*, Case No. 12-20135-CIV-Dimitrouleas/Snow, 2013 WL 12101087 at * 2 (S.D. Fla. February 26, 2013) (quoting Fla. Stat. § 768.0755(1)).

It is undisputed that Wal-Mart had no actual knowledge of the water on the floor. Plaintiff, therefore, argues that Wal-Mart had constructive knowledge of the dangerous condition. For a defendant to have constructive knowledge of the dangerous condition, it is not enough that the foreign substance was on the floor. Rather, Plaintiff must establish that "the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant." *Grimes v. Family Dollar Stores of Florida, Inc.*, 194 So.3d 424, 427-28 (Fla. 3d DCA 2016).[1]

The Court finds that Plaintiff has failed to establish an inference of constructive knowledge. There is no evidence to suggest that the water was on the floor for any length of

---

[1]     Plaintiff may also establish constructive knowledge by showing that the condition occurred so frequently that it was forseeable. *Garcia,* 2013 WL 12101087 at *2. This is not at issue in this case as there is no evidence that water was routinely on the floor of the aisles of the store.

time such that it would have been known to Wal-Mart. Nor was there evidence that any Wal-Mart employee knew about the water on the floor before the incident. "[T]he mere presence of the substance on the floor is not enough; the record must have additional facts to create a permissible inference about the time the foreign substance had been on the floor. . . . without this evidence, a finding of negligence would be sheer speculation." *Garcia*, 2013 WL 12101087 at *2. (internal quotations omitted). Indeed, the water was devoid of dirt, smudges, or track marks. There was nothing about the clear liquid that suggested that it had been on the floor for more than a minute or two. Accordingly, the Court cannot infer that Defendant knew or should have known about the dangerous condition.

This case is factually indistinguishable from *Garcia*. In that case, the plaintiff slipped on a liquid substance in a Target store. The liquid, like the one Plaintiff slipped on in this case, was clear and odorless. There were two Target employees about 10 to 15 feet away from the aisle during the plaintiff's fall and one Target employee walked through the aisle about twelve minutes before the fall, but did not observe any foreign substance on the floor. The Court found that the plaintiff failed to establish an inference of constructive knowledge.

> In this case, the Court concludes that Plaintiff has not demonstrated any questions of fact sufficient to support an inference of constructive knowledge. Essentially, Plaintiff claims that between the time the last employee walked through the area, which is either twelve or twenty minutes, water appeared from an unknown source. Though there were two employees about ten to fifteen feet away in a carpeted area hanging clothes, there is no indication that they had a view of the tiled aisle so that they could have seen the liquid. The liquid was clear and there is no evidence of tracks or dirt that could lead an inference that the water had been there long enough to put Target on notice. It would be sheer speculation for a reasonable finder of fact to conclude that the water had been on the floor for long enough to put Target on constructive notice.

*Id.* at *3. Similarly, Plaintiff has not established that the water in the Wal-Mart aisle had been on the floor long enough for Adderley, Pericles, or any other Wal-Mart employee to be on constructive notice of the dangerous condition. Although Adderley walked by the aisle about a mi-

4

nute before the incident, there is no credible reason to believe that she would have or could have seen the clear substance on the floor.

Plaintiff relies heavily on *Markowitz v. Helen Homes of Kendall, Corporation*, 826 So.2d 256 (2002). This Court, like the *Garcia* Court, finds *Markowitz* factually distinguishable. In *Markowitz*, three employees were in the "immediate vicinity" of the area where a nursing home resident slipped and fell on a grape. The Court found a question of material fact as to whether the nursing home had constructive knowledge of the dangerous condition. In this case, the Wal-Mart employees were not standing next to the water. In addition, unlike a grape, the water on the ground was not visible. Accordingly, the holding in *Markowitz* is inapplicable to the facts of this case. There is simply insufficient evidence to support an inference of constructive knowledge.[2]

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Wal-Mart's Motion for Summary Judgment [ECF No. 24] is GRANTED. Final Judgement shall be entered separately pursuant to Federal Rule of Civil Procedure 58(a).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also attempts to argue that Wal-Mart somehow failed to comply with its own zone-defense policy and that, therefore, this creates an issue of fact for the jury. The Court disagrees. This is not a negligent mode of operation action where the Plaintiff asserts that the means by which Wal-Mart operates its stores created the dangerous condition. In addition, the evidence of record does not establish that Wal-Mart failed to follow its own policies. Indeed, the record only reflects that Maxine was not in the aisle at the time of the incident.